UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO AVILES, an individual; and CLAUDIA CHAVES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01132-JWH-SHK<br><br>**ORDER TO SHOW CAUSE REGARDING FAILURE TO FILE RULE 7.1 DISCLOSURES** |

Plaintiffs Rogelio Aviles and Claudia Chavez filed the instant action against Defendant Thor Motor Coach, Inc. in April 2025 in Los Angeles County Superior Court.[1] In May 2025, Thor Motor Coach removed this case to this Court, pursuant to 28 U.S.C. § 1332.[2]

As an initial matter in every case, the court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Rule 7.1 of the Federal Rules of Civil Procedure requires that, for actions based upon diversity jurisdiction, each party or intervenor "***must***" file a disclosure statement naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor" "(A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The party or intervenor "***must***" file its Rule 7.1 disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and again "promptly," if any required information changes. Fed. R. Civ. P. 7.1(b) (emphasis added). The parties' Rule 7.1 disclosures allow the court to assess the diversity of the parties,

---

[1] Compl. [ECF No. 1-1].

[2] Notice of Removal [ECF No. 1].

and they are imperative for assessing diversity with respect to corporations. Neither Plaintiffs nor Thor Motor Coach has filed a Rule 7.1 Disclosure Statement.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. Each Party is **DIRECTED** to file, no later than June 27, 2025, his, her, or its respective Rule 7.1(a)(2) Disclosure Statement as well as a supplemental memorandum (including supporting evidence, to the extent necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2. An in-person hearing on this Order to Show Cause is **SET** for July 18, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: June 10, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-3-