UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO AVILES, an individual; and CLAUDIA CHAVES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01132-JWH-SHK<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [ECF No. 12]** |

Before the Court is the motion of Plaintiffs Rogelio Aviles and Claudia Chaves to remand this action to Los Angeles County Superior Court.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court **DENIES** Plaintiffs' motion.

## I.  BACKGROUND

Plaintiffs filed the instant action against Defendant Thor Motor Coach, Inc. in April 2025 in Los Angeles County Superior Court.[3]  Plaintiffs assert claims for breach of implied warranty and breach of express warranty under the Song-Beverly Act.[4]  Those claims arise from Plaintiffs' purchase of a 2025 Thor Industry Palazzo GT Motorhome.[5]

In May 2025, Thor Motor Coach removed this action to this Court, pursuant to 28 U.S.C. § 1332.[6]  In June 2025, the Court issued an Order to Show Cause directing the parties to file their respective Disclosure Statements pursuant to Rule 7.1 of the Federal Rules of Civil Procedure,[7] and all parties

---

[1]  Pls.' Mot. to Remand Case to Los Angeles Superior Court (the "Motion") [ECF No. 12].

[2]  *See id.*; Def.'s Opp'n to Motion (the "Opposition") [ECF No. 18].

[3]  Compl. (the "Complaint") [ECF No. 1-1].

[4]  *See generally id.*

[5]  *Id.* at ¶ 4.

[6]  Notice of Removal [ECF No. 1].

[7]  Order to Show Cause Regarding Failure to File Rule 7.1 Disclosures ("OSC re 7.1 Disclosures") [ECF No. 14].

complied.[8] Also in June 2025, Plaintiffs filed the instant Motion to remand,[9] and it is fully briefed.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists. The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests

---

[8]   Def.'s Response to OSC re 7.1 Disclosures ("Defendant's Disclosure Statement") [ECF No. 17]; Pls.' Rule 7.1 Disclosure Statement ("Plaintiffs' Disclosure Statement") [ECF No. 16].

[9]   *See* Motion.

with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation marks omitted). Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  ANALYSIS

Plaintiffs assert that Thor Motor Coach failed to meet its burden to prove diversity jurisdiction because it did not support its allegation that Plaintiffs are domiciled in California and because the recovery amounts are too speculative to meet the amount-in-controversy requirement.[10] Plaintiffs also request that the Court remand this action pursuant to the principles of comity.[11]

**A.  Diversity of Citizenship**

It is well settled that "the party asserting diversity bears the burden of proof." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). For the purpose of diversity jurisdiction, the citizenship of a natural person is determined by United States citizenship and state of domicile. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). An individual's domicile is determined at the time the action is filed, *see Lew*, 797 F.2d at 750, and it is established based upon "a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely," *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir.1940)). In contrast, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c). At this stage

---

[10]  *Id.* at 5:17-21 & 6:10-16.

[11]  *Id.* at 2:9-10.

of the case, Thor Motor Coach is merely required to allege diversity—albeit in such a manner that affirmatively alleges the actual citizenship of the relevant parties. *See Kanter*, 265 F.3d at 857.

In its Notice of Removal, Thor Motor Coach alleges that Plaintiffs are citizens of California.[12] Thor Motor Coach also pleads that it is an Indiana corporation, with its principal place of business in Indiana.[13] In its Rule 7.1 Disclosure Statement, Thor Motor Coach states that it is organized under the laws of Delaware.[14] Accordingly, Thor Motor Coach is a citizen of both Indiana and Delaware. As Plaintiffs are citizens of California, and Thor Motor Coach is a citizen of Indiana and Delaware, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.   Amount in Controversy**

Thor Motor Coach alleges that the amount-in-controversy requirement is satisfied based upon Plaintiffs' request for restitution, attorney's fees, and civil penalties.[15] Plaintiffs argue that the amount in controversy is too speculative to satisfy the $75,000 requirement, because Thor Motor Coach has not "point[ed] to evidence that a jury is likely to award a civil penalty."[16]

Courts in the Ninth Circuit routinely consider civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases. *See, e.g.*, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007); *see also Morey v. Louis Vuitton North Am., Inc.*, 561

---

[12]   Notice of Removal ¶ 3. In Plaintiffs' Disclosure Statement, Plaintiffs admit that they are citizens of California. Plaintiffs' Disclosure Statement 1:26-27.

[13]   Notice of Removal ¶ 3.

[14]   Defendant's Disclosure Statement 2:10-15.

[15]   Notice of Removal ¶ 3; *see* Complaint, Prayer for Relief.

[16]   Motion 6:21-23.

F. App'x 642, 643 (9th Cir. 2011) (including Song-Beverly civil penalties in an amount-in-controversy calculation). The Ninth Circuit has also held repeatedly that attorneys' fees may "be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022). The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy here. *See* Cal. Civ. Code § 1794(d).

### C. Principles of Comity

Plaintiffs also request the Court to remand this action pursuant to the principles of comity. "Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions. However, comity is a doctrine of discretionary abstention." *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 852 (9th Cir. 2005), *amended*, 433 F.3d 1089 (9th Cir. 2006) (quoting *City & Cnty. of San Francisco v. Assessment Appeals Bd. for City & Cnty. of San Francisco, No. 1*, 122 F.3d 1274, 1277 (9th Cir. 1997)). But Thor Motor Coach has a statutory right under 28 U.S.C. § 1441(b) to remove the instant action to federal court, so the principles of comity do not factor into the Court's analysis of whether remand is appropriate. *See Assessment Appeals Bd.*, 122 F.3d at 1278 ("Because a federal reserve bank has an unfettered right under section 632 to defend in federal court, the district court lacked discretion to remand the case back to state court on the basis of comity.").

Because the purchase price of the vehicle at issue exceeded $250,000,[17] the total amount in controversy exceeds the $75,000 requirement of 28 U.S.C.

---

[17] Notice of Removal ¶ 3; Plaintiffs' Disclosure Statement 2:1-5.

§ 1332(b). Both the diversity and amount-in-controversy requirements are satisfied, so the Court concludes that removal was proper. Accordingly, the Court **DENIES** the Motion.

## IV. DISPOSITION

For the foregoing reasons, Plaintiffs' instant Motion to remand [ECF No. 12] is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 21, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE